UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 7/29/96**

REGINALD KEITH LONG,

        Petitioner - Appellant,

vs.

RONALD CHAMPION, and
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

        Respondents - Appellees.

No. 95-5234
(D.C. No. 94-C-170-BU)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, KELLY and LUCERO, Circuit Judges.[**]

Mr. Long, an inmate appearing pro se and in forma pauperis, seeks a certificate of

probable cause and to appeal the district court's denial of his habeas corpus petition.

Although he raised fourteen grounds in his petition, on appeal he raises two grounds--

that he was denied due process and equal protection because his sentence of life without

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

parole was imposed without conducting a sentencing proceeding as required by Okla. Stat. Ann. tit. 21, §§ 701.7 and 701.10, and that he received ineffective assistance of counsel because his counsel failed to advise him that he was supposed to have a sentencing proceeding. See Aplt. Br. at 2 (Form A-11); R. doc. 1 at 10-C & 10-E. These grounds were included in a second state post-conviction application and were denied by the Oklahoma Court of Criminal Appeals based upon the failure to raise them in the first state post-conviction proceeding. R. doc. 12 ex. B (citing Okla. Stat. Ann. tit. 22, § 1991).

We construe Mr. Long's application for a certificate of probable cause as an application for a certificate of appealability now required by 28 U.S.C. § 2253(c)(2). See Lennox v. Evans, No. 96-6041, 1996 WL 343632 at *4 (10th Cir. June 24, 1996). The Application is DENIED for want of "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition to the problem of procedural bar and lack of a showing of cause and prejudice, or factual innocence, Mr. Long has not overcome the transcript of the plea hearing that reflects a knowing and voluntary plea to life without parole based upon competent advice. See R. doc. 9 ex. B.

APPEAL DISMISSED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 2 -