**ORDERED** that Mr. Hamill's petition is **DISMISSED WITH PREJUDICE.**

**Anthony R. HAMILL, Petitioner,**

v.

**James FERGUSON, Warden of the Wyoming State Penitentiary, and the Attorney General of the State of Wyoming, Respondents.**

**No. 95–CV–241–J.**

United States District Court,
D. Wyoming.

Aug. 1, 1996.

Anthony R. Hamill, pro se.

William U. Hill, Attorney General of the State of Wyoming, and Lori L. Gorseth, Assistant Attorney General, Cheyenne, WY, for respondents.

## MEMORANDUM AND ORDER SUSTAINING PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; REQUIRING SERVICE OF PETITION AND RESPONSE THERETO

ALAN B. JOHNSON, Chief Judge.

Before the court are petitioner Anthony R. Hamill's objections to the Magistrate Judge's report and recommendation that his habeas corpus petition be dismissed without prejudice because he has not exhausted the remedies available to him under Wyoming law. The court finds Mr. Hamill's objections are timely, and it will therefore review the report and recommendation *de novo*. Having done so, and having considered all the relevant facts and law, the court rejects the Magistrate Judge's report and recommendation and declines to dismiss the petition.

This is Mr. Hamill's second federal habeas corpus petition. His first petition, *Hamill v. Ferguson*, No. 95–CV–093–J (D.Wyo.), challenged the Wyoming Board of Parole's revocation of his parole on October 20, 1994. The court has dismissed that petition with prejudice. *Hamill v. Ferguson*, 937 F.Supp. 1517, (D.Wyo.1996). The court held Mr. Hamill was excused from exhausting the remedies available to him under state law for the simple reason that there is no procedure available under Wyoming law for challenging the conduct and decision of the Wyoming Board of Parole on nonjurisdictional grounds. Accordingly, the court proceeded to consider the merits of Mr. Hamill's federal constitutional claims in the first instance. Having done so, the court concluded Mr. Hamill was not entitled to relief.

In the instant petition, *Hamill v. Ferguson*, No. 95–CV–241–J (D.Wyo.), Mr. Hamill also challenges the Wyoming Board of Parole's decision to revoke his parole. However, he does not reassert any of the claims raised in *Hamill v. Ferguson*, 937 F.Supp. 1517 (D.Wyo.1996), but instead alleges that the fact there is no mechanism under Wyoming law for challenging the conduct and decisions of the Wyoming Board of Parole on nonjurisdictional grounds (1) violates his First Amendment right to petition the government for redress of grievance; (2) violates his Fourteenth Amendment right to due process by denying him the right to an appeal; and (3) violates his Fourteenth Amendment right to equal protection, inasmuch as an assertedly similarly situated class of persons, probationers, may challenge the judicial revocation of probation through a variety of proceedings, including direct appeal to the Wyoming Supreme Court and a motion to correct an illegal sentence under W.R.Cr.P. 35 filed in the Wyoming District Court, and may assert both jurisdictional and nonjurisdictional errors of both state and federal law in such post-revocation proceedings, but the class of persons to which he belongs, parolees, can raise only jurisdictional error by filing a peti-

tion for a writ of habeas corpus pursuant to Wyo.Stat. § 1–27–101 *et seq.*

The Magistrate Judge recommended that the petition in *Hamill v. Ferguson,* No. 95–CV–241–J (D.Wyo.), be dismissed without prejudice because Mr. Hamill has not attempted to exhaust the remedies available to him under Wyoming law by fairly presenting them to the Wyoming courts; indeed, the Magistrate Judge concluded, and the court agrees, that Mr. Hamill has never raised the claims alleged in *Hamill v. Ferguson,* No. 95–CV–241–J (D.Wyo.), in any proceeding in state court. However, as the court explained in its memorandum and order dismissing *Hamill v. Ferguson,* 937 F.Supp. 1517 (D.Wyo. 1996), with prejudice, and as Mr. Hamill himself explains in his timely objections to the Magistrate Judge's report and recommendation, because the claims raised in *Hamill v. Ferguson,* No. 95–CV–241–J (D.Wyo.) are nonjurisdictional, there is no proceeding in which Mr. Hamill could raise those claims if his petition were dismissed without prejudice by this court. Accordingly, the court sustains Mr. Hamill's objections to the Magistrate Judge's report and recommendation and excuses him from satisfying the exhaustion requirement.

For the reasons stated, **IT IS HEREBY ORDERED** that Mr. Hamill's objections to the Magistrate Judge's report and recommendation are **SUSTAINED** and Mr. Hamill's claims are deemed exhausted. It is further

**ORDERED** that the clerk of court shall serve upon respondents a copy of Mr. Hamill's habeas corpus petition in this case, a copy of this memorandum and order, and a copy of the court's memorandum and order dismissing *Hamill v. Ferguson,* 937 F.Supp. 1517 (D.Wyo.1996), with prejudice. Respondents shall file a response within twenty (20) days after service of petition. In addition to any other issues they may wish to address in their response, the respondents shall specifically address the following: (1) whether Mr. Hamill's petition should be dismissed with prejudice under the rules governing second or successive petitions as they existed prior to the recent amendments to 28 U.S.C.

§ 2244(b), enacted as § 106 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, 1220–21 (1996), because Mr. Hamill failed to raise his claims in his first federal petition, *Hamill v. Ferguson,* 937 F.Supp. 1517 (D.Wyo.1996); (2) whether the recent amendments to 28 U.S.C. § 2244(b), enacted as § 106 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, 1220–21 (1996), relating to second or successive petitions, apply retroactively to Mr. Hamill's case under the Tenth Circuit's analysis in *Lennox v. Evans,* 87 F.3d 431 (10th Cir.1996); (3) if the amendments apply retroactively, whether the court must dismiss Mr. Hamill's petition without prejudice because the court of appeals has not authorized this court to consider his second or successive petition under 28 U.S.C. § 2244(b)(3), as amended by § 106 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, 1220–21 (1996). Because the recent amendments may not be available to Mr. Hamill, the respondents shall attach a copy of the amended version of 28 U.S.C. § 2244 to their response. It is further

**ORDERED** that Mr. Hamill shall file his traverse within twenty (20) days after the respondents have filed their response. Mr. Hamill is advised that if he fails to file his traverse within the time allowed, the court will decide his petition without the benefit of such a traverse. It is further

**ORDERED** that the prior reference of this matter to a Magistrate Judge is **WITHDRAWN.**

The parties are advised that extensions of time will not be granted except on a showing of extreme need.