UNITED STATES COURT OF APPEALS

**Filed 8/7/96**

FOR THE TENTH CIRCUIT

RONALD EDWARD GILLETTE,

    Petitioner-Appellant,

v.

ROBERT TANSY; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

    Respondents-Appellees.

No. 95-2157
(D.C. No. CIV-89-130-SC)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BRIGHT,[**] and KELLY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Ronald Gillette appeals from the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. A jury convicted Mr. Gillette in New Mexico state court on several counts of criminal sexual penetration, arson, burglary, attempted murder, and contributing to the delinquency of a minor. Mr. Gillette now challenges the sufficiency of the evidence for each count. The district court, adopting the magistrate judge's proposed findings, held that the evidence was sufficient on each count.

Although we affirm for substantially the reasons given by the magistrate judge, as adopted by the district court, the attempted murder convictions warrant a brief review of the case. The evidence at trial presented the jury with the following scenario from which these criminal charges arose: Mr. Gillette, while living with Kathleen Melton, began having a homosexual affair with David, Ms. Melton's son. David was in his early teens. Although unaware of this relationship, Ms. Melton asked Mr. Gillette to live elsewhere. Mr. Gillette moved but continued to see David. On the night of November 30, 1982, David informed Mr. Gillette that his mother was considering moving the family to Australia. That same night, the Melton residence was set on fire. Several facts linked Mr. Gillette to the fire: he admitted his presence that night; he had purchased a can of

Coleman fuel approximately a week earlier at a Circle K store; a can of Coleman fuel with a Circle K sticker was found at the Melton residence; and an analysis of the accelerant used to start the fire was consistent with Coleman fuel.

A few months later, on February 28, 1983, Ms. Melton received a can of Dr. Pepper at her workplace. The can was delivered anonymously. Ms. Melton thought the Dr. Pepper tasted funny, and upon analysis, it was discovered that the Dr. Pepper had been poisoned with a form of pentobarbital. The evidence at trial indicated that Mr. Gillette had access to sodium pentobarbital at an animal clinic where he worked. No direct evidence was presented linking Mr. Gillette to the Dr. Pepper incident.

It is the convictions for attempted murder arising from the Dr. Pepper poisoning that we find particularly troubling. Under Jackson v. Virginia, 443 U.S. 307, 319 (1979), we review a sufficiency of the evidence challenge by asking "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Here, the relevant facts are not in dispute. Both parties provide similar recitations of the relevant facts. Additionally, neither party's recitation of the relevant facts differs substantially from the state court's findings of historical fact, to which we must give deference. Thus, the only issue is whether these facts are sufficient to convict Mr. Gillette of

attempted murder for the Dr. Pepper incident. A rational jury could find that Mr. Gillette had both the motive and the opportunity to poison Ms. Melton. The jury could also find that Mr. Gillette had previously attempted to kill Ms. Melton by setting fire to her home. Although this evidence is far from overwhelming, we believe it is sufficient for a rational jury to convict Mr. Gillette beyond a reasonable doubt.

This is a very close case, but our review in a habeas proceeding is a very limited one. We point out that Mr. Gillette's convictions have already been upheld after review in state court and in federal district court. Furthermore, Mr. Gillette's sentence for attempted murder relating to the poisoning incident runs concurrent with his sentence for all other counts. Given the facts presented at trial and the circumstances of this case generally, we choose to affirm.

Mr. Gillette has asked this court for a certificate of probable cause in order to hear his appeal. The recently amended habeas statute now provides for a certificate of appealability. See Lennox v. Evans, ___ F.3d ___, 1996 WL 343632 (10th Cir. June 24, 1996)(No. 96-6041). Because the attempted murder issue was very close we believe a certificate of appealability is warranted, and we hereby grant the certificate on the issue whether the evidence was sufficient to support Mr. Gillette's convictions.

Finally, we note that Mr. Gillette has urged us to hear oral argument in this case. We do not believe, however, that this case would be aided by oral argument. The decisional process in sufficiency of the evidence cases typically does not require oral argument, particularly where, as here, the relevant facts are not in dispute.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Myron H. Bright
Senior Circuit Judge