UNITED STATES COURT OF APPEALS
**Filed 8/22/96**
FOR THE TENTH CIRCUIT

DANNY DUNSWORTH,

Petitioner-Appellant,

v.

JOHN SHANKS, Warden,

Respondent-Appellee.

No. 95-2147
(D.C. No. CIV-91-1008-SC)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before EBEL, BARRETT, and HENRY, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Danny Dunsworth appeals from the district court's denial of his habeas petition, filed pursuant to 18 U.S.C. § 2254. Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. After Dunsworth filed his notice of appeal, the district court issued an order denying him a certificate of probable cause. This court construed Dunsworth's notice of appeal as a renewal of his request for a notice of probable cause. See Fed. R. App. P. 22(b). Further, in light of the passage of new legislation affecting the procedures for habeas corpus appeals, see Lennox v. Evans, 87 F.3d 431, 432 (10th Cir. 1996), we construe the request as an application for a certificate of appealability. Id. at 434.

Applying the standards of the newly enacted 28 U.S.C. § 2253(c)(2),[1] we conclude that Dunsworth "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). His habeas petition alleges that 1) he received ineffective assistance of counsel, and 2) his guilty plea was coerced and involuntary. These allegations caused the district court to appoint counsel and hold a hearing. The district court's order, adopting the magistrate judge's report, weighed the evidence from both the state record and the hearing and made detailed findings of fact. Application of the law to those facts was not a simple matter, requiring the discussion of many cases and standards.

---

[1] Lennox held that the newly enacted certificate of appealability provision, 28 U.S.C. § 2253(c)(2), codified the standard set out in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983), for the issuance of a certificate of probable cause. 87 F.3d at 434. Because "the standard governing the issuance of a certificate of appealability [under the newly enacted legislation] requires the same showing as that for obtaining a certificate of probable cause [under previous law]," id., the court in Lennox applied the new legislation as law "in effect at the time we render our decision." Id. We do likewise.

We conclude that "the issues raised are debatable among jurists, [and] that a court could resolve the issues differently," Smith v. Secretary of N.M. Dep't of Corrections, 50 F.3d 801, 820 (10th Cir.)(quotation omitted)(citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)), cert. denied, 116 S. Ct. 272 (1995). Our conclusion is bolstered by this court's order appointing Dunsworth counsel on appeal. Accordingly, we grant Dunsworth a certificate of appealability on both of the issues presented to the district court.

On appeal, Dunsworth argues that his counsel failed to investigate his case and that his counsel represented him while under a conflict of interest, which deficiencies amounted to the denial of effective counsel, guaranteed by the sixth amendment. Further, he contends that as a result of his attorney's ineffective representation, his guilty plea to the underlying charges was involuntary. "In reviewing the district court's denial of [petitioner's] habeas corpus petition, we accept the court's findings of fact unless clearly erroneous and we review the court's conclusions of law de novo." Brewer v. Reynolds, 51 F.3d 1519, 1522 (10th Cir. 1995), cert. denied, 116 S. Ct. 936 (1996). After our careful review of the record on appeal, including supplemental volumes containing the state court record and the transcript of the district court's hearing on Dunsworth's habeas petition, we conclude that the district court correctly decided this case. Therefore, for substantially the same reasons contained in the magistrate judge's proposed findings and recommended disposition, dated May 8, 1995, and adopted by the district court in its

order dated June 20, 1995, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge