**UNITED STATES COURT OF APPEALS**
**Filed 1/24/97**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

                           Case No. 96-1374

v.                             (D.C. Case No. 95-B-2630)

                           (D.C. Case No. 89-CR-316)

JOSE ABREU,                 (District of Colorado)

      Defendant-Appellant.

---

**ORDER AND JUDGMENT**[*]

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This matter is before the court on pro se Petitioner Jose Abreu's application for a certificate of appealability, filed October 3, 1996, to appeal the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Because we determine that Mr.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Abreu has failed to demonstrate a substantial showing of a denial of a constitutional right, we deny his application and dismiss the appeal.

Section 102 of the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2253 to provide in part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;
>
> * * * *
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

Pub. L. No. 104-132, tit. I, § 102, 110 Stat. 1214 (1996) (to be codified at 28 U.S.C. § 2253(c)). This provision applies to all cases and appeals filed after April 24, 1996, the date President Clinton signed the Act into law. Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996), cert. denied, No. 96-6621, 1996 WL 665079 (U.S. Jan. 13, 1997).

In his petition for a writ of habeas corpus, Mr. Abreu alleges that the government's forfeiture of his property as proceeds of illegal drug transactions after previous criminal conviction and sentencing for drug trafficking violated the Double Jeopardy clause. Under the Supreme Court's recent holding in Ursery v. United States, 116 S. Ct. 2135, 2148 (1996), seizure of items used in or derived from drug transactions that are the basis of the prosecution are not punitive, but rather remedial in nature. Such forfeitures therefore do not implicate the Double Jeopardy clause.

2

The district court examined Mr. Abreu's contention and denied his petition for a certificate of appealability. We have reviewed the district court's order, Mr. Abreu's filings and the entire record before us on appeal. We agree with the district court that petitioner has failed to make a substantial showing of the denial of a constitutional right for the reasons set out above, and for those in the district court's detailed order. Accordingly, we DENY Mr. Abreu a certificate of appealability and DISMISS his appeal. The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge