PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

STEVE LENNOX, )
)
    Petitioner-Appellant, )
)
v. ) No. 96-6041
) (D.C. No. CV-95-291-T)
EDWARD L. EVANS, Warden, ) (W.D. Okla.)
)
    Respondent-Appellee. )

ORDER
Filed June 24, 1996

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.


This matter is before the court on Petitioner Steven Lennox's application for a

certificate of probable cause to appeal the district court's denial of his 28 U.S.C. § 2254

petition for a writ of habeas corpus. Because we determine that Petitioner has failed to

demonstrate a substantial showing of a denial of a constitutional right as required by the

recently enacted Antiterrorist and Effective Death Penalty Act of 1996, we deny

Petitioner's application and dismiss the appeal.

I.

Petitioner filed a § 2254 petition for a writ of habeas corpus in the district court,

challenging his convictions in Oklahoma state court on two counts of robbery in the first

degree and one count of escape. The district court denied the petition and denied Petitioner's request for a certificate of probable cause. Petitioner filed a notice of appeal on February 1, 1996, and moved for a certificate of probable cause pursuant to 28 U.S.C. § 2253 on February 9, 1996.

The date Petitioner filed the application for a certificate of probable cause is noteworthy because President Clinton signed into law the Antiterrorist and Effective Death Penalty Act of 1996 on April 24, 1996. Pub. L. No. 104-132, 110 Stat. 1214 (1996). Section 102 of the Act amends 28 U.S.C. § 2253 and alters the procedures for habeas corpus appeals. As relevant to this case, § 102 of the Act requires a state prisoner appealing a denial of a § 2254 petition to obtain a certificate of appealability instead of a certificate of probable cause. Because this matter implicates the recently enacted legislation, we must determine whether the amended § 2253 or the version of § 2253 in effect prior to April 24, 1996 controls the resolution of Petitioner's application for a certificate of probable cause.

## A.

In Landgraf v. U.S.I. Film Prods., 114 S. Ct. 1483 (1994), the Supreme Court analyzed the applicability of intervening legislation on a pending case. The Landgraf analysis posits two axioms concerning the effect of intervening changes in the law. First, "a court is to apply the law in effect at the time it renders its decision." Id. at 1496 (quotation omitted). Second, "retroactivity is not favored in the law." Id. (quotation

2

omitted).

To reconcile the tension between these "two seemingly contradictory statements," id., the Court set forth a method to determine the applicability of newly enacted legislation on a pending suit:

> When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect . . . . If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.

Landgraf, 114 S. Ct. at 1505. In sum, Landgraf mandates that if Congress does not prescribe the scope of a statute, we apply intervening civil legislation to pending cases unless it would operate retroactively. Id.

Deciding when a statute has "retroactive effect" is not a simple or mechanical task. Id. at 1498. When the new statute changes procedural rules or affects the propriety of prospective relief, application of the new provision to a case filed before the legislation became law does not necessarily amount to retroactive operation of a statute. Id. at 1501, 1502 & n.29. Most importantly, a statute does not operate retroactively merely if it is applied to conduct predating or to a case filed before enactment of the statute. Id. at 1499. Something more is required to raise concerns of statutory retroactivity. As specified by the Supreme Court, a statute has "retroactive effect" when applied to a case filed prior to passage of the new legislation if "it would impair rights a party possessed

3

when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Id. at 1505.

B.

The amendments relevant in this case appear in § 102 of the Act, which contains neither an effective date provision[1] nor clear language specifying that it applies retroactively. Consequently, we must apply the new amendments to Petitioner's application for a certificate of probable cause unless to do so would have retroactive effect. Landgraf, 114 S. Ct. at 1505. To determine whether applying the new habeas corpus legislation in this matter raises retroactivity concerns, we examine the law both prior to and after April 24, 1996.

1.

When Petitioner filed his application for certificate of probable cause in this court, § 2253 provided:

> An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause.

28 U.S.C. § 2253; accord Fed. R. App. P. 22(b). In Barefoot v. Estelle, 463 U.S. 880,

---

[1] The only effective date provision specified in Title I of the Act appears in § 107, a newly enacted chapter which provides special procedures for death penalty habeas corpus actions. Section 107(c) states that the death penalty procedures "shall apply to cases pending on or after the date of enactment of this Act." Section 107 is not implicated in this case.

4

892-93 (1983), the Court set forth the standard governing issuance of a certificate of probable cause. A habeas corpus petitioner appealing from the denial of a § 2254 petition had to make "a substantial showing of the denial of a federal right" to obtain a certificate of probable cause. Barefoot, 463 U.S. at 893; see also Gallagher v. Hannigan, 24 F.3d 68, 68 (10th Cir. 1994). The Barefoot standard adheres to the burden imposed on a state prisoner seeking federal habeas relief. That is, a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (emphasis added). Both the certificate of probable cause standard and the plain language of § 2254 recognize the overriding principle that "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution." Herrera v. Collins, 113 S. Ct. 853, 860 (1993); see also Townsend v. Sain, 372 U.S. 293, 312 (1963) ("State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution."), overruled on other grounds, Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992).

2.

Section 102 of the Antiterrorist and Effective Death Penalty Act of 1996 amended § 2253 to provide:

(c)(1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

    (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B)  the final order in a proceeding under section 2255.

 (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

 (3)  The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Pub. L. No. 104-132, tit. I, § 102, 110 Stat. 1214 (1996) (to be codified at 28 U.S.C. § 2253(c)).  Among other significant changes, Congress amended § 2253 to substitute a "certificate of appealability" for the certificate of probable cause, and codified the standard a court of appeals must employ to determine whether to grant a certificate of appealability; i.e., "substantial showing of the denial of a constitutional right."  Id. § 102 (to be codified at 28 U.S.C. § 2253(c)(2)).

3.

The standard codified in the new § 2253(c)(2) replicates the standard for a certificate of probable cause endorsed by the Supreme Court in Barefoot with one exception: Congress substituted the word "constitutional" for the word "federal."  That is, while an applicant for a certificate of probable cause had to demonstrate "a substantial showing of the denial of a federal right," Barefoot, 463 U.S. at 893 (emphasis added), an applicant for a certificate of appealability must make a "substantial showing of the denial of a constitutional right."  Pub. L. No. 104-132, tit. I, § 102.

6

Although it did not state its reasoning, the Ninth Circuit recently ruled that "[t]he standard for obtaining a certificate of appealability under the Act is more demanding than the standard for obtaining a certificate of probable cause under the law as it existed prior to enactment of the Act." Williams v. Calderon, ___ F.3d ___, No. 96-99009, 1996 WL 230093, at *4 (9th Cir. May 1, 1996).

We disagree. By requiring an applicant for a certificate of probable cause to make "a substantial showing of the denial of a federal right," the Supreme Court in Barefoot ensured that appellate review of the federal habeas process should be limited to petitions that make a colorable showing of constitutional error. See Barefoot, 463 U.S. at 892-93 & n.4. Although the Court used the word "federal," an applicant seeking a certificate of probable cause to appeal a district court's denial of a § 2254 petition for a writ of habeas corpus must demonstrate a substantial showing of constitutional error underlying the state conviction. We have always read the Barefoot standard to require a habeas petitioner to make a substantial showing of the denial of a federal constitutional right. Indeed, in the context of federal habeas review of a conviction entered in state court, it is the only intelligible reading. Our decision on a motion for a certificate for probable cause must cohere to the principle that a federal habeas court does not review a state conviction for legal error in a broad sense, but only for federal constitutional error. E.g., Herrera, 113 S. Ct. at 860; Scrivner v. Tansy, 68 F.3d 1234, 1238 (10th Cir. 1995), cert. denied, 116 S. Ct. 1277 (1996); Miles v. Dorsey, 61 F.3d 1459, 1467 (10th Cir. 1995), cert. denied, 116

7

S. Ct. 743 (1996).

We therefore believe that Congress drafted the plain language of the newly enacted § 2253(c)(2) to codify the <u>Barefoot</u> standard for issuance of a certificate of probable cause. In the context of an appeal from the denial of a 28 U.S.C. § 2254 petition for habeas corpus, a "substantial showing of the denial of a constitutional right" is the same standard as "substantial showing of the denial of a federal right." Because the standard governing the issuance of a certificate of appealability requires the same showing as that for obtaining a certificate of probable cause, application of § 102 of the Act to Petitioner's request for a certificate of probable cause would not constitute retroactive operation of a statute under <u>Landgraf</u>. That is, § 102 of the Act would not "impair rights [Petitioner] possessed when he acted, increase [Petitioner's] liability for past conduct, or impose new duties with respect to transactions already completed." <u>See Landgraf</u>, 114 S. Ct. at 1505.[2] Because § 102 does not have retroactive effect within the meaning of <u>Landgraf</u> when applied to Petitioner's application, we analyze this matter under § 102, thereby following the tenet that we apply the law in effect at the time we render our decision.

---

[2] We limit our holding to the issue presented in this case and express no opinion regarding the retroactivity concerns, if any, raised by the Act's requirement that an appeal may not be taken from the final order in a proceeding under 28 U.S.C. § 2255 unless a circuit judge issues a certificate of appealability.

II.

Liberally construing Petitioner's application for a certificate of probable cause as a motion for a certificate of appealability, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972), we conclude that Petitioner has failed to make a "substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253 as amended by § 102 of the Antiterrorist and Effective Death Penalty Act of 1996. In his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, Petitioner alleges: (1) the flight instruction given by the trial court deprived him of his constitutional right to a presumption of innocence; (2) he was denied effective assistance of appellate counsel; (3) the trial court erred in failing to record the prosecution's opening statement; (4) the prosecutor's prejudicial comments on cross-examination and during closing arguments deprived him of a fair trial; (5) he was denied a prompt probable cause hearing following his arrest; and (6) his trial counsel was ineffective. The magistrate judge thoroughly analyzed Petitioner's contentions and recommended that the district court deny the petition. The district court reviewed Petitioner's objections to the magistrates's report and recommendation and denied the petition.

We have reviewed the magistrate's report and recommendation, the district court's order, Petitioner's brief and application for a certificate of appealability, and the entire record before us. We conclude that Petitioner has failed to make a "substantial showing of the denial of a constitutional right" for the reasons set forth in the magistrate's report

9

and recommendation and the district court's order.  Accordingly, we DENY Petitioner's

application for a certificate of appealability and DISMISS the appeal. A certified copy of this order shall stand as and for the mandate of this court.

Entered for the Court


Bobby R. Baldock
Circuit Judge

11