**UNITED STATES COURT OF APPEALS**
**Filed 7/15/96**
**TENTH CIRCUIT**

GARY LEE MCCOLPIN,

      Petitioner - Appellant,

      v.

DAVID R. MCKUNE, KANSAS
DEPARTMENT OF CORRECTIONS,
and ATTORNEY GENERAL OF
KANSAS,

      Respondents - Appellees.

No. 96-3118
(D. Ct. No. 96-CV-3015)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal is from an order of the district court denying all relief and dismissing pro se petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2254.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner alleges on appeal that the district court erred in denying his motions for reconsideration and for rehearing following the district court's determination that petitioner is not entitled to habeas corpus relief under the circumstances of this case. Petitioner alleges on appeal that he has been denied his constitutional right to due process of law by the district court's dismissal of his petition and by various actions of the Kansas Correctional authorities relating to conditions of confinement and the alleged inadequacy of the prison grievance process.

The district court found that summary dismissal of the habeas corpus action is proper under the circumstances of this case where it is clear from the decision of the Kansas Court of Appeals, which was attached to the petition in this matter, that the summary dismissal of a petition filed pursuant to K.S.A. 60-1501 is within the discretion of the state district court. The United States District Court in this matter thus found that because petitioner's challenge is to the discretionary act of a state district court judge, petitioner is entitled to no relief under these circumstances. The district court further found that the appeal in this matter is legally frivolous and not taken in good faith. The court denied petitioner a certificate of probable cause on April 2, 1996.

On April 24, 1996, the President signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. Title 1 of the Act significantly curtails the scope of collateral review of convictions and sentences and amends 28 U.S.C. §§ 2244, 2253, 2254, 2255, Fed. R. App. P. 22, and 21 U.S.C. §

848(q). We have determined that the provisions of Title 1 which require state habeas petitioners to obtain certificates of appealability prior to seeking appellate review of final orders and habeas corpus proceedings is applicable under the circumstances of this case. Lennox v. Evans, No. 96-6041, 1996 WL 343632 (10th Cir. 1996).

The language of section 102 makes clear that a certificate of appealability will be issued only if the petitioner "has made a substantial showing of the denial of a constitutional right." Under the circumstances of this case where the state petitioner is challenging a discretionary act of a state judge, petitioner has clearly failed to satisfy the threshold substantial showing of a denial of a constitutional or federal right. We therefore deny petitioner's application for a certificate of appealability and dismiss this appeal. A certified copy of this order shall stand as and for the mandate of this court.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge