**UNITED STATES COURT OF APPEALS**
**Filed 10/22/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM P. BAILEY,

Defendant - Appellant.

No. 95-1382
(D. Ct. No. 95-B-1675)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

The petitioner in this matter pled guilty on November 6, 1990, to a two count Information charging him with offenses related to possession with intent to distribute controlled substances and possession of a firearm during and in relation

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to a drug trafficking offense. He was sentenced to six years imprisonment on December 19, 1990. Petitioner sought to withdraw his guilty plea in the district court. His motion to withdraw the guilty plea was denied by the district court, and his conviction and sentence were affirmed by this court. United States v. Bailey, No. 90-1385, 940 F.2d 1539 (10th Cir., Aug. 5, 1991)(unpublished opinion). Just before he was sentenced in the federal criminal case, the State of Colorado began forfeiture proceedings in the state court and seized $926 in currency which was discovered at the time of petitioner's arrest. Petitioner Bailey filed this motion under 28 U.S.C. § 2255 on July 5, 1995, claiming that the civil forfeiture proceedings by the state resulted in his being subjected to double jeopardy because he had been punished both by the federal government and by the state government.

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, which alters the procedures, for habeas corpus appeals. The statute now requires that a federal prisoner appealing a denial of a § 2255 petition to obtain a certificate of appealability instead of a certificate of probable cause. 28 U.S.C. § 2253(c)(1)(b). Lennox v. Evans, 87 F.3d 431, 433 (10th Cir. 1996). We apply the new legislation to petitioner Bailey's notice of appeal and construe the notice of appeal as an application for a certificate of appealability. See Fed. R. App. P.

22(b). Applying the certificate of appealability standards under 28 U.S.C. § 2253(c)(2) we conclude that petitioner Bailey has failed to make a substantial showing that is constitutional rights have been denied.

We do not reach the double jeopardy claim raised by petitioner in this appeal because the argument is foreclosed by the recent decision of the United States Supreme Court in <u>United States v. Ursery</u>, ___ U.S. ___, 116 S. Ct. 2135 (1996). In that case, the Supreme Court determined that *in rem* civil forfeiture actions do not constitute punishment for the purposes of double jeopardy analysis nor are civil *in rem* procedures criminal in nature. Thus, under the holding in this case petitioner has failed to make a substantial showing that his constitutional rights have been denied. We DENY Bailey's application for a certificate of appealability.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge