UNITED STATES COURT OF APPEALS
**Filed 10/23/96**
TENTH CIRCUIT

RALPH W. FISHER, JR.,

       Petitioner-Appellant,

v.

L. L. YOUNG, Warden,

       Respondent-Appellee.

No. 96-5117
(N. Dist. of Oklahoma)
(D.C. No. 95-C-778-B)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT,** and **MURPHY**, Circuit Judges.

Having examined the briefs and the appellate record, this panel determines unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R.34.1.9.  This case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner was convicted in Oklahoma on three counts of "Uttering a Forged Instrument," stemming from his purchase of three pieces of jewelry. <u>See</u> 21 Oklahoma Statutes § 1592.

This is an appeal of the dismissal of a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The court below dismissed the petition under Rule 9(b) of the Rules Governing § 2254 Cases in the United States District Courts. The rule states,

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

This petition is Mr. Fisher's third. The district court liberally construed its claim as "new," even though it closely resembles a claim asserted in a previous petition. The court, however, found that the failure to include the new claim in a previous petition could not be excused by "cause" and "prejudice." <u>See</u> <u>McCleskey v. Zant</u>, 499 U.S. 467, 493 (1991) (holding that procedural default excused upon a showing of cause and prejudice). It dismissed the petition, therefore, as an abuse of the writ.

Petitioner's claim is, essentially, that his due process rights are being violated because he is incarcerated on three convictions stemming from a single

criminal act. He asserts that the three jewelry purchases in question occurred in close succession at the same store and were thus part of a single offense.

The facts, however, are that Mr. Fisher bought three different pieces of jewelry with three different forged instruments. Mr. Fisher's assertion that his actions constitute one rather than three crimes was addressed and disposed of in the federal court's rejection of his first habeas petition, wherein he framed this same issue as a double jeopardy claim. Id. at 2.

There is no question that Mr. Fisher's actions constitute three, separate crimes. Title 21, section 1592 of the Oklahoma Statutes makes it a crime to utter a forged instrument. Mr. Fisher uttered three, separate forged instruments and, therefore, committed three, separate crimes. See Fisher v. Kaiser, No. 90-1427-T (W.Dist.Okl. 1992) at 14-15.

Mr. Fisher argues that his failure to assert this new claim in a previous petition is excused by "cause" -- that he was prevented from knowing about the new claim because of some alleged deficiency in the collection at the prison library. The merits of this argument were not addressed by the district court because it was clear that even if Mr. Fisher had "cause," he would suffer no "prejudice" in the dismissal of the instant petition, since its central claim is fallacious. Failure to include a claim in a previous petition is excused only by

"cause" and "prejudice."  See McCleskey, 499 U.S. at 493.   The district court thus held that the instant petition is an abuse of the writ.

An abuse of the writ may be overlooked where a petitioner makes a colorable showing of actual innocence.  Herrera v. Collins, 506 U.S. 390, 403-404 (1993).  Mr. Fisher made no such showing.

This challenge to the district court's dismissal "may not be taken to the court of appeals" unless the petitioner is first issued a "certificate of appealability."  Antiterrorism and Effective Death Penalty Act of 1996 (the "Act"), Pub.L. No. 104-132, 28 U.S.C. § 2253.[1]

A certificate of appealability is granted only if the petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253.  Such a showing is made if the issues raised by the petition are debatable among jurists of reason, if a court could resolve the issues differently, or if the questions presented are deserving of further proceedings.  Barefoot v. Estelle, 463 U.S. 880, 893 (1983).[2]

_____

[1]The "certificate of appealability" section of the Act, 18 U.S.C. § 2253, applies retroactively.  Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996).  Thus, it is applied in this case even though the district court's order was filed prior to the date on which the Act took effect.

[2]The standard for obtaining a "certificate of appealability" under the Act has not changed from  the standard for obtaining a "certificate of probable cause," as was required prior to the Act.  Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996).

As discussed, Mr. Fisher's claim that his conduct constitutes only one criminal act is without merit. His failure to include the claim in a previous writ is thus not excused, as he suffers no prejudice by its dismissal. This is not debatable among jurists of reason. A court could not resolve the issues differently. The questions presented do not deserve further proceedings.

Accordingly, we **DENY** Mr. Fisher's application for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-5-