**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DAVID S. PETERSON,

　　　　Petitioner-Appellant,

v.

JOHN SHANKS, Warden;
ATTORNEY GENERAL OF
THESTATE OF NEW MEXICO,

　　　　Respondents-Appellees.

No. 95-2248
(Dist. of New Mexico)
(D.C. No. CIV-92-481-MV)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **LOGAN,** and **MURPHY**, Circuit Judges.

---

　　　　Petitioner David S. Peterson, a state prisoner, filed in the United States
District Court for the District of New Mexico a petition for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254. Peterson asserted that he was entitled to
habeas relief on the following three grounds: (1) he was denied his Sixth

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Amendment right to effective assistance of counsel and, as a result of that denial, his guilty plea was uncounseled and involuntary; (2) he was denied due process when he was convicted of a crime over which the state district court did not have jurisdiction; and (3) he was denied due process in that the state district court imposed a consecutive sentence which was not authorized by state law. The district court dismissed the petition and denied Peterson a certificate of probable cause for leave to proceed on appeal. The matter is now before the court on Peterson's application for a certificate of probable cause.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "Act"), Pub. L. 104-132, 110 Stat. 1214. Prior to the Act, state prisoners were allowed to appeal the denial of their § 2254 petitions only after they had obtained a certificate of probable cause from "the justice or judge who rendered the order or a circuit justice or judge." 28 U.S.C. § 2253 (1994). Under the provisions of the Act, however, an appeal from the denial of a § 2254 petition is not available "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (Supp. July 1996). In *Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996), *cert. denied*, 65 U.S.L.W. 3488 (U.S. Jan 13, 1997) (No. 96-6621), this court held that the certificate-of-appealability requirement set out in the Act applies to all pending appeals, including those where the notice of appeal was filed prior to the date the President signed the Act

into law.  The *Lennox* court reasoned that "the standard governing the issuance of a certificate of appealability requires the same showing as that for obtaining a certificate of probable cause."  *Id.*  Accordingly, the application of the Act's certificate-of-appealability requirement to pending appeals does not have an impermissible retroactive effect.  *Id.*  We therefore treat Peterson's application for a certificate of probable cause as a request for a certificate of appealability and  proceed to determine whether Peterson is entitled to such a certificate.  *Id.*

A habeas petitioner is entitled to a certificate of appealability only upon a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c). The standard for granting a certificate of appealability under the Act is the same standard set out by the Supreme Court in *Barefoot v. Estelle*, 463 U.S. 880 (1993). *Lennox*, 87 F.3d at 434.  Under the *Barefoot* standard, a certificate of appealability will issue only where the petitioner has demonstrated the issues raised are (1) debatable among jurists of reason, (2) a court could resolve the issues differently, or (3) the questions presented are deserving of further proceedings.  *Barefoot*, 463 U.S. at 893 n.4.

We conclude that Peterson has failed to make the requisite showing for a certificate of appealability as to his claims regarding the state court's jurisdiction over his crime and the state court's power to sentence him to consecutive terms of incarceration.  These claims lack merit and the district court's resolution of the

issues is not subject to debate. Peterson's ineffective assistance of counsel claims are, however, deserving of further proceedings. *Id.* Accordingly, this court grants Peterson a certificate of appealability as to that issue.

"A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo." *Brewer v. Reynolds*, 51 F.3d 1519, 1523 (10th Cir. 1995), *cert. denied*, 116 S. Ct. 936 (1996). This court has reviewed *de novo* the magistrate's Report and Recommendation, the district court's Order, and the entire record before us on appeal. We have also given due consideration to the parties' briefs and contentions. In light of that review, this court finds that it can add little to the well reasoned Report and Recommendation of the magistrate judge. Accordingly, we affirm the dismissal of Peterson's ineffective assistance of counsel claim for substantially the reasons set out in the magistrate judge's Report and Recommendation dated September 6, 1995.

This court **DECLINES** to grant Peterson a certificate of appealability as to his jurisdictional and sentencing claims and **DISMISSES** the appeal as to those issues. 28 U.S.C. § 2253(c)(2)-(3). We **GRANT** Peterson a certificate of appealability as to his claim of ineffective assistance of counsel and **AFFIRM**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-4-