**F I L E D**

**UNITED STATES COURT OF APPEALS**

FEB 7 1997

**TENTH CIRCUIT**

ROLAND DANIEL FOSTER,

Petitioner-Appellant,

v.

RONALD J. CHAMPION, Warden;
LARRY A. FIELDS, Director; J.R.
PEARMAN, Judge; and THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

Respondents-Appellees.

No. 96-5076
(D.C. No. 95-C-325-BU)
(N. Dist. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Roland D. Foster filed a pro se petition for habeas corpus relief under 28 U.S.C. § 2254, alleging that the method by which the Oklahoma Department of Corrections calculated his earned time credits violated the Equal Protection and Ex Post Facto Clauses of the Constitution. The district court adopted the report and recommendation of the magistrate judge that relief be denied, and also denied Mr. Foster's motion for a certificate of probable cause. On appeal, we construed Mr. Foster's notice of appeal as a request for a certificate of probable cause.

The district court order denying relief, its order denying a certificate of probable cause, and Mr. Foster's notice of appeal were all filed before April 24, 1996, the date on which President Clinton signed into law the Antiterrorist and Effective Death Penalty Act, Pub.L. No. 104-132, 110 Stat. 1214 (1996). Section 102 of the new Act "requires a state prisoner appealing a denial of a § 2254 petition to obtain a certificate of appealability instead of a certificate of probable cause." Lennox v. Evans, 87 F.3d 431, 432 (10th Cir. 1996), cert. denied, 1996 WL 665079 (U.S. Jan. 13, 1997). In Lennox we held that "[b]ecause the standard governing the issuance of a certificate of appealability requires the same showing as that for obtaining a certificate of probable cause, application of § 102 of the Act to Petitioner's request for a certificate of probable cause would not constitute retroactive operation of a statute." Id. at 434. Accordingly, we must determine whether Mr. Foster has made a substantial showing of the denial of a

constitutional right as required under 28 U.S.C. § 2253, as amended by section 102 of the new Act. Id.

In his petition, Mr. Foster asserts that the calculation of his earned time credits violated his constitutional rights in several regards. The nub of his claims is that he is entitled to have his credits calculated under both the statutory scheme applicable at the time he committed his crimes and the scheme as modified in 1988. We have carefully reviewed the magistrate's report and recommendation, the district court's order, and the record in light of Mr. Foster's arguments and authorities. We conclude that Mr. Foster has failed to make a substantial showing of the denial of a constitutional right for the reasons set forth in the magistrate's report and recommendation and the district court's order.[1]

Accordingly, we DENY the issuance of a certificate of appealability and DISMISS the appeal. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[1] Mr. Foster has filed with this court a request for a temporary restraining order asserting that he is being transferred to an institution at which he is not able to earn credits and that his legal mail has been tampered with, both in retaliation for the filing of this suit. If Mr. Foster wishes to pursue this matter, which is in the nature of a civil rights complaint, he must first do so in the district court. The request for a restraining order is denied.