**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES L. SUMMERS,

      Petitioner-Appellant,

v.

RON CHAMPION,

      Respondent-Appellee.

Case No. 96-6205

(D.C. CIV-95-1835-A)
(Western District of Oklahoma)

---

ORDER
Filed March 18, 1997

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Appellant's petition for rehearing is denied. The attached order and judgment is substituted for the one previously filed on February 12, 1997. The amended order and judgment will reissue this date.

The mandate issued February 12, 1997 is recalled. The mandate is reissued.


Entered for the Court
PATRICK FISHER, Clerk


By    /s/
Deputy Clerk

F I L E D
United States Court of Appeals
Tenth Circuit

MAR 18 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES L. SUMMERS,

      Petitioner-Appellant,

v.

RON CHAMPION,

      Respondent-Appellee.

Case No. 96-6205

(D.C. CIV-95-1835-A)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before BRORBY, EBEL, and HENRY, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Pro se petitioner-appellant Charles L. Summers appeals the district court's order dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is Mr. Summers's motion for leave to proceed on appeal in forma pauperis and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his application for a certificate of appealability. Also before the court is Mr. Summers's motion for an order directing the appellee to file an answer brief. We assert jurisdiction under 28 U.S.C. § 1291, and dismiss the appeal.

Mr. Summers is a prisoner in the Oklahoma Department of Corrections, serving a life sentence for first degree murder. Mr. Summers brought this action pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma raising three claims for habeas corpus relief: (1) ineffective assistance of appellate counsel in failing to argue that the information charging him for first degree murder was fatally defective; (2) ineffective assistance of appellate counsel in failing to challenge the sufficiency of the evidence; (3) denial of due process resulting from the state trial court's denial of his motion to sever the trial of him and his co-defendant. The petition was referred to a magistrate judge who recommended that the district court deny Mr. Summers's petition because Mr. Summers's first and third claims lacked merit and the second claim was procedurally barred. After de novo review, the district court adopted the magistrate's report and recommendation in its entirety and denied Mr. Summers's petition. On Mr. Summers's motion to alter or amend the judgment, the district court, liberally construing the petition, also considered and denied a direct challenge to the sufficiency of the information. The district court subsequently denied Mr. Summers's motion for leave to proceed in forma pauperis and his application for a certificate of appealability. Mr. Summers now appeals.

2

We first address Mr. Summers's motion for leave to proceed on this appeal in forma pauperis. In order to succeed on his motion for leave to proceed in forma pauperis, Mr. Summers must show: (1) a financial inability to pay the required filing fees; and (2) the existence of a nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C. § 1915(a). The certified copy of Mr. Summers's prison trust account shows that Mr. Summers had an average monthly balance of $332.56 for the six months preceding the filing of his notice of appeal. Because Mr. Summers failed to establish his inability to pay the filing fee, we deny his motion to proceed in forma pauperis. See 28 U.S.C. § 1915(a)(2), (b)(1).

We next address Mr. Summers's application for a certificate of probable cause. Section 102 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996--which was in effect at the time Mr. Summers's filed his notice of appeal--requires that state habeas petitioners obtain certificates of appealability prior to seeking appellate review of final orders in habeas corpus proceedings. Pub. L. No. 104-132, 110 Stat. 1214 (codified at 28 U.S.C. § 2253). Under the AEDPA, a habeas petitioner is entitled to a certificate of appealability only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2). This court has held that the standard for granting a certificate of appealability under the AEDPA is the same as the standard set out by the Supreme Court in Barefoot v. Estelle, 463 U.S. 880 (1983). See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied, No. 96-6621, 1996 WL

3

665079 (U.S. Jan. 13, 1997). Under the <u>Barefoot</u> standard, a certificate will issue only where the petitioner has demonstrated that the issues raised are debatable among jurists of reason, a court could resolve the issues differently, or the questions presented are deserving of further proceedings. 463 U.S. at 893 n.4.

This court has reviewed the magistrate's report and recommendation, the district court's order, Mr. Summers's brief and application for a certificate of appealability, and the entire record before us on appeal. We conclude that Mr. Summers has failed to make a "substantial showing of the denial of a constitutional right" for the reasons set forth in the magistrate's report and recommendation and the district court's order--both of which clearly and thoroughly address Mr. Summers's claims. Thus, we deny Mr. Summers a certificate of appealability.

For the foregoing reasons, we deny both Mr. Summers's motion for leave to proceed in forma pauperis and his application for a certificate of appealability. Accordingly, we also deny his motion for an order directing the appellee to file an answer brief. Appeal dismissed.

The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge

4