F I L E D
**United States Court of Appeals
Tenth Circuit**

**FEB 21 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CHRISTOPHER DICHARD,

      Petitioner-Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS STATE
PENITENTIARY WARDEN;
WYOMING ATTORNEY GENERAL,

      Respondent-Appellee.

No. 96-8045
(Dist. of Wyoming)
(D.C. No. 94-CV-281)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Christopher Dichard, appearing *pro se*, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dichard asserted that he was entitled to a writ of habeas corpus on the following three grounds: (1) he was denied his Sixth Amendment right to effective assistance of counsel prior to and during his plea negotiations; (2) the district court failed to establish a proper factual basis for the entry of his guilty plea and erred in refusing to allow him to withdraw his guilty plea prior; and (3) he did not enter his guilty plea knowingly or intelligently but was, instead, coerced by his attorneys. The district court dismissed the petition and denied Dichard a certificate of probable cause for leave to proceed on appeal. This matter is before the court on Dichard's application for a certificate of probable cause.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "Act"), Pub. L. 104-132, 110 Stat. 1214. Prior to the Act, state prisoners were allowed to appeal the denial of their § 2254 petitions only after they had obtained a certificate of probable cause from "the justice or judge who rendered the order or a circuit justice or judge." 28 U.S.C. § 2253 (1994). Under the provisions of the Act, however, an appeal from the denial of a § 2254 petition is not available "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (Supp. July 1996). In *Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996), *cert. denied*, 65 U.S.L.W. 3488 (U.S.

Jan 13, 1997) (No. 96-6621), this court held that the certificate-of-appealability requirement set out in the Act applies to all pending appeals. The *Lennox* court reasoned that "the standard governing the issuance of a certificate of appealability requires the same showing as that for obtaining a certificate of probable cause." *Id.* Accordingly, the application of the Act's certificate-of-appealability requirement to pending appeals does not have an impermissible retroactive effect. *Id.* We therefore treat Dichard's application for a certificate of probable cause as a request for a certificate of appealability and proceed to determine whether he is entitled to such a certificate.

A habeas petitioner is entitled to a certificate of appealability only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for granting a certificate of appealability under the Act is the same standard set out by the Supreme Court in *Barefoot v. Estelle*, 463 U.S. 880 (1993). *Lennox*, 87 F.3d at 434. Under the *Barefoot* standard, a certificate of appealability will issue only where the petitioner has demonstrated the issues raised are (1) debatable among jurists of reason, (2) a court could resolve the issues differently, or (3) the questions presented are deserving of further proceedings. *Barefoot*, 463 U.S. at 893 n.4.

We have reviewed the district court's order, Dichard's brief and application for a certificate of probable cause, appellee's answer brief, and the entire record

before us on appeal.  We conclude that Dichard has failed to make a "substantial showing of the denial of a constitutional right" for substantially the reasons set forth in the district court's order dated April 11, 1996.  Accordingly, we **DENY** Dichard a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge