F I L E D
United States Court of Appeals
Tenth Circuit

JUN 19 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MARVIN L. HARDIN,

Petitioner-Appellant,

v.

STEPHEN W. KAISER,

Respondent-Appellee.

No. 96-6389
(D.C. No. CIV-96-1240-C)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Petitioner Marvin L. Hardin, appearing pro se and proceeding in forma pauperis, requests a certificate of appealability to appeal the district court's denial

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We conclude Hardin is not entitled to a certificate of appealability and dismiss the appeal.

Hardin was convicted by a jury on February 22, 1993, of kidnapping after former conviction of two or more felonies, and assault and battery. He was sentenced to twenty years' imprisonment on the kidnapping charge and thirty days' imprisonment in county jail on the assault and battery charge. Hardin filed a direct appeal claiming he was denied a fair trial because of the admission of evidence of other crimes and prosecutorial misconduct. His conviction and sentence were affirmed by the Oklahoma Court of Criminal Appeals on June 29, 1995. Hardin then filed an application for post-conviction relief claiming he was denied effective trial and appellate counsel, which was denied and the denial was affirmed by the Oklahoma Court of Criminal Appeals.

Having exhausted his state remedies, Hardin filed a petition for writ of habeas corpus in federal district court, asserting all claims previously raised in state court. In recommending denial of the petition, a magistrate judge outlined the evidence presented at trial and concluded it was sufficient to support the jury's verdict. The magistrate rejected Hardin's assertion that he was prejudiced by improper remarks by the prosecutor during closing arguments, and concluded evidence of Hardin's alleged "pimping" activity was properly admitted as relevant for purposes of attacking his credibility. The magistrate also rejected his claims

of ineffective assistance of counsel, in particular Hardin's assertion that his trial counsel opened the door to evidence of prior convictions and failed to request a jury instruction regarding evidence of other crimes, and his assertion that appellate counsel failed to challenge the sufficiency of the evidence and failed to raise the ineffective assistance of trial counsel. The magistrate concluded Hardin was provided with reasonable professional assistance at both the trial and appellate stages and was not prejudiced by any of the alleged errors.

Hardin filed objections to the magistrate's recommendation. The district court adopted the report and recommendation in full. The court noted Hardin had raised an issue in his objection that was not addressed by the magistrate, *i.e.*, that the Oklahoma kidnapping statute under which he was charged (21 Okla. Stat. 1991, §741) required the prosecution to demonstrate that the forcible taking of the victim was either without "domestic authority" or was a fraudulent inducement of consent to confinement. After reviewing the statute at issue, the court rejected this argument as contrary to Oklahoma case law and common sense, and concluded the evidence presented at trial was sufficient to support Hardin's conviction under the statute. The court denied Hardin's petition for habeas corpus and, after he filed his notice of appeal, the court denied Hardin a certificate of appealability.

The standard for granting a certificate of appealability under the Antiterrorism and Effective Death Penalty Act is the same as the standard set out by the Supreme Court in <u>Barefoot v. Estelle</u>, 463 U.S. 880 (1983). <u>See</u> <u>Lennox v. Evans</u>, 87 F.3d 431, 434 (10th Cir. 1996), <u>cert. denied</u> 117 S. Ct. 746 (1997). Under the <u>Barefoot</u> standard, a certificate will issue only where the petitioner has demonstrated the issues raised are debatable among jurists of reason, a court could resolve the issues differently, or the questions presented are deserving of further proceedings. <u>See</u> <u>Barefoot</u>, 463 U.S. at 893 n.4. The question here is whether Hardin can meet this burden. For substantially the same reasons set forth in the magistrate's recommendation of September 19, 1996, and the district court's order of October 23, 1996, we agree with the district court that Hardin cannot satisfy this burden and is not entitled to a certificate of appealability.

Hardin's application for a certificate of appealability is DENIED and this appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-