**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM PATRICK BABCOCK,

Petitioner-Appellant,

v.

BOBBY BOONE, Warden, Mack H.
Alford Correctional Center;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

Respondents-Appellees.

No. 96-7105
(E. Dist. of Oklahoma)
(D.C. No. 95-CV-167-S)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **PORFILIO,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on petitioner William P. Babcock's application for a certificate of appealability to appeal the district court's denial of Babcock's 28 U.S.C. § 2254 habeas corpus petition. After concluding that Babcock had procedurally defaulted his claims for post-conviction relief by failing to raise them on direct appeal to the Oklahoma Court of Criminal appeals, *Coleman v. Thompson*, 501 U.S. 722, 750-53 (1991), the district court denied Babcock a certificate of appealability.

Section 102 of the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 requires state habeas petitioners to obtain certificates of appealability prior to seeking appellate review of final orders in habeas proceedings. Pub. L. No. 104-132, 110 Stat. 1217 (April 26, 1996) (codified at 28 U.S.C. § 2253). A habeas petitioner is entitled to a certificate of appealability only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This court has recognized that the standard for granting a certificate of appealability under the AEDPA is the same as the standard set out by the Supreme Court in *Barefoot v. Estelle*, 463 U.S. 880 (1983). *See Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996), *cert. denied*, 117 S. Ct. 746 (1996). Under the *Barefoot* standard, a certificate will issue only where the petitioner has demonstrated that the issues raised are debatable among jurists of reason, a court

could resolve the issues differently, or the questions presented are deserving of further proceedings. 463 U.S. at 893 n.4.

This court has reviewed Babcock's application for a certificate of appealability, briefs and contentions, and the entire record on appeal. Because Babcock has not demonstrated that the district court's conclusion that Babcock's claims are procedurally barred is subject to debate or deserving of further proceedings, we **DENY** Babcock a certificate of appealability and **DISMISS** his appeal.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge