**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 30 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD RAY WILSON,

      Petitioner-Appellant,

v.

STEVE HARGETT, Warden,

      Respondent-Appellee.

No. 97-6019
(W. District of Oklahoma)
(D.C. No. 96-CV-396)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **PORFILIO,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Donald Ray Wilson requests a certificate of appealability to appeal the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We conclude Wilson is not entitled to a certificate of appealability and **dismiss** the appeal.

Wilson was convicted by jury in the District Court of Garvin County, Oklahoma, of first degree murder and assault and battery with a dangerous weapon, and was sentenced to imprisonment for terms of life and fifty years, respectively. Wilson appealed his convictions to the Oklahoma Court of Criminal Appeals, and his convictions were affirmed in a summary opinion. Wilson's application for post-conviction relief filed in the District Court of Garvin County was denied, and his appeal of the denial was affirmed on the grounds of procedural default. *See* Okla. Stat. Ann. tit. 22, § 1086 (West 1986) (setting forth Oklahoma rule of procedural default).

Having exhausted his state remedies, Wilson filed a § 2254 petition for writ of habeas corpus in federal district court, claiming (1) the state failed to prove the elements of first degree murder; (2) the trial court erred in admitting unreliable identification testimony; (3) the state failed to prove the elements of assault and battery with a deadly weapon, and (4) his trial and appellate counsel were ineffective in failing to raise these issues.

The magistrate judge determined that issues one and two were properly denied in the state court habeas proceedings because they were not raised in the initial, direct appeal. As the district court correctly noted, federal habeas review of such procedurally barred issues is foreclosed "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Wilson asserts that ineffectiveness of counsel constituted cause for his procedural default. In considering the ineffectiveness of counsel claim, the district court considered the merits of issues one, two, and three in order to make a determination of whether Wilson's counsel erred in failing to raise the issues at trial or on direct appeal. The court found each of the issues meritless. The court therefore found that the ineffectiveness of counsel claim was also meritless and did not constitute cause for procedural default. Having considered and rejected each of the issues raised in the petition, the court dismissed the petition. The district court also denied Wilson's application for a certificate of appealability. In his certificate of appealability application to this court, Wilson reasserts the issues raised in his petition below.

Under 28 U.S.C. § 2253, Wilson's appeal may not be considered unless a certificate of appealability is issued. A certificate of appealability will be issued

only if the issues raised are debatable among jurists of reason, if a court could resolve the issues differently, or if the questions presented are deserving of further proceedings. *See Lennox v. v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996). For substantially the same reasons set forth in the magistrate's Recommendation of July 31, 1996, and the district court's Order of January 2, 1997, we agree with the district court that Wilson cannot satisfy this burden and is not entitled to a certificate of appealability.

Wilson's application for a certificate of appealability is **DENIED** and this appeal is **DISMISSED**.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge