**UNITED STATES of America, Plaintiff,**

v.

**La Ronda CRAWFORD, Defendant.**

**Nos. 97–3088–DES, 92–40005–01–DES.**

United States District Court,
D. Kansas.

Nov. 5, 1997.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendant's motion pursuant to 28 U.S.C § 2255 to vacate, set aside and correct her sentence.

Defendant pled guilty to possession with intent to distribute ore than eight kilograms of cocaine. On October 2, 1992, she was sentenced to a custody term of 240 months. Defendant claims that he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution, that she should not have been given an enhancement for obstruction, and that if such enhancement were dismissed, her guideline range would be reduced two levels, thus making her eligible for the "safety valve" provision of U.S.S.G. § 5C1.2.

For the following reasons, the court finds defendant's claims without merit and denies her petition for relief under 28 U.S.C. § 2255. Accordingly, the court also denies her Application to Proceed In Forma Pauperis.

## DISCUSSION

Crawford first claims that she was denied the effective assistance of counsel. To establish a claim of ineffective assistance of counsel, defendant must show: (1) that petitioner did not receive the counsel guaranteed by the Sixth Amendment; and (2) that counsel's performance was so deficient that the defendant did not receive a fair trial. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendant bears the burden to establish both incompetence and prejudice. There is a presumption that the attorney's conduct comes within "the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065.

■ In support of her ineffective assistance of counsel claim, defendant makes two allegations. She first states that her attorney did not inform her that she could appeal the decision of the sentencing judge. She also states that her Fifth Amendment rights were violated because she remained silent while her lawyer represented her during the sentencing process. The court finds these claims to be without merit. Furthermore, the court finds that the defendant has not shown that her attorney's representation "fell below an objective standard of reasonableness" on either of her claims for ineffective assistance of counsel. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064–65.

■ Defendant next claims that she should not have been given a sentence enhancement for obstruction. She contends that this issue was not "fully evaluated" prior to her sentencing. The court disagrees. Nevertheless, even if defendant were correct, and her guideline range were reduced by two levels, it would not affect the length of her sentence. The guidelines direct that a "sentence may be imposed at any point within the applicable guideline range, provided that the sentence is not greater than the statutorily authorized maximum sentence, and is not less than any statutorily required minimum sentence." U.S.S.G. § 5G1.1(c). The statutory mandatory minimum sentence for the count to which defendant entered a guilty plea was 240 months. Since this was above the guideline range, the statutorily required minimum sentence became the guideline sentence. Therefore, the court's imposition of a two-level enhancement to the guideline range for obstruction did not affect the length of the sentence imposed.

■ Defendant further claims that if the enhancement for obstruction were dismissed, her guideline range would be reduced two levels, thus allowing her to take advantage of the "safety valve" provision of U.S.S.G. § 5C1.2. This argument is also without merit. The fact that defendant had six criminal history points prevents application of the safety valve provision to her sentence. U.S.S.G. § 5C1.2(1).

■ For her final argument, the defendant contends that she was erroneously sentenced to a custody term of 240 months pursuant to the recidivist language of 21 U.S.C. § 841(b)(1)(A), which states that a person with a prior felony drug offense who is convicted of violating 21 U.S.C. § 841

"shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment." According to the defendant, the recidivist enhancement of 21 U.S.C § 841(b)(1)(A) only applies to those defendants previously convicted of federal drug offenses, not, as in her case, to defendants previously convicted of state drug offenses. The court is not convinced. The Tenth Circuit has expressly applied the recidivist language of § 841(b)(1)(A) where the defendant's prior drug conviction was in state court. *U.S. v. Short*, 947 F.2d 1445 (10th Cir.1991).

Pursuant to 28 U.S.C. § 2253(c) and Rule 22(b) of the Federal Rules of Appellate Procedure, no movant may appeal a district court's decision denying a 28 U.S.C. § 2255 motion without a certificate of appealability issued by a district judge or circuit judge. The certificate of appealability may issue only if the defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In *Lennox v. Evans*, 87 F.3d 431, 433 (10th Cir.1996), the Tenth Circuit Court of Appeals held that the standard established for the issuance of a certificate of appealability is the same as that governing the issuance of a certificate of probable cause as set forth in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983), i.e., the defendant must make "a substantial showing of the denial of a federal right."

In this case, the defendant's claims are devoid of merit. She does not make any showing of the denial of a federal right. Therefore, she will be denied a certificate of appealability.

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant's Motion to Vacate, Set Aside or Correct Her Sentence pursuant to 28 U .S.C. § 2255 (Doc. 111) is denied.

**IT IS FURTHER ORDERED** that the defendant's Application to Proceed In Forma Pauperis is denied.

**IT IS FURTHER ORDERED** that defendant is denied a certificate of appealability.