166 F.3d 1223
 1999 CJ C.A.R. 565
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Randy Dale SMITH, Defendant-Appellant.
 No. 98-6281.
 United States Court of Appeals, Tenth Circuit.
 Jan. 28, 1999.
 
 (D.C. No. 98-CV-880)
 Before ANDERSON, KELLY, and BRISCOE, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, the case is ordered submitted without oral argument.
 
 
 3
 Defendant Randy Dale Smith, appearing pro se, seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 petition. As Smith has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a certificate of appealability and dismiss the appeal.
 
 
 4
 Smith and four codefendants were indicted in June 1996 for drug-related offenses. Smith pleaded guilty to unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 120 months' imprisonment. He did not file a direct appeal. On December 31, 1997, he filed a pro se pleading asking the court to "dismiss his conviction" or order that his federal sentence run concurrently with two prior state court sentences. Smith argued the underlying facts did not support his conviction because he did not have actual or constructive possession of the firearm. Alternatively, he argued his federal conviction was barred by the Double Jeopardy Clause because he previously was charged and convicted for the same offense in state court. The district court construed the pleading as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and denied the motion.
 
 
 5
 A certificate of appealability will issue only if the issues raised are debatable among jurists of reason, if a court could resolve the issues differently, or if the questions presented are deserving of further proceedings. See Barefoot v. Estelle, 463 U.S. 880, 893 & n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983); Lennox v. Evans, 87 F.3d 431, 434 (10th Cir.1996). We have reviewed Smith's appellate brief, his application for a certificate of appealability, and the entire record on appeal and conclude he is not entitled to a certificate of appealability. By entering an unconditional plea of guilty to the unlawful possession of a firearm charge, he admitted all of the essential facts alleged in the charge. United States v. Broce, 488 U.S. 563, 568, 569-70, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). He is therefore foreclosed from challenging the factual assertions in the indictment regarding his possession of the firearm. We note Smith has not argued his plea was uncounseled or involuntary. With regard to his double jeopardy argument, "[i]t is well established that 'prosecutions undertaken by separate sovereign governments, no matter how similar they may be in character, do not raise the specter of double jeopardy as that constitutional doctrine is commonly understood.' " United States v. Trammell, 133 F.3d 1343, 1349 (10th Cir.1998) (quoting United States v. Guzman, 85 F.3d 823, 826 (1st Cir.1996). "The dual sovereignty doctrine rests upon the notion that 'laws of separate sovereigns are indeed separate and that one act may violate the laws of each; accordingly, prosecution by each cannot be for the same offense.' " Id. (quoting United States v. Raymer, 941 F.2d 1031, 1037 (10th Cir.1991)).
 
 
 6
 The application for a certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3