**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 28 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD EDWARD GILLETTE,

Petitioner-Appellant,

v.

JOHN SHANKS, Warden; and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

Respondents-Appellees.

No. 96-2127
(D.C. No. CIV 94-1422 JC/LFG)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO**, Circuit Judge, and **MURPHY**, Circuit
Judge.

This is an appeal from the denial of a petition for a writ of habeas corpus under 28

U.S.C. § 2254. We have examined the record and determined appellant has failed to

make a substantial showing of a denial of a constitutional right; therefore a certificate of

appealability must be denied. *Lennox v. Evans*, 87 F.3d 431, 432 (10th Cir, 1996); 28

U.S.C. § 2253 (1996).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

In the district court, Mr. Gillette filed two petitions that were joined for disposition. In the first, he asserted the denial of constitutional rights because he was not granted sufficient meritorious release credits by the state. In the second petition, he claimed a denial of due process during a prison disciplinary hearing. After denying relief on both petitions, the district court also denied a certificate of appealability.

On appeal, Mr. Gillette asserts the state is failing to comply with the terms of a "federal consent decree" which pertains to educational opportunities in state prisons. This issue was not raised in either of his original petitions or in his amended petition. He does not raise the claims asserted in the district court.

Because we agree substantially with the disposition of the district court, we conclude Mr. Gillette has not met his burden. Moreover, if the state has failed to comply with a consent decree of which he is a beneficiary, his remedy lies in the court that issued the decree.

The certificate of appealability is **DENIED**.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge