108 F.3d 341
 97 CJ C.A.R. 328
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald Edward GILLETTE, Petitioner-Appellant,
v.
John SHANKS, Warden; and Attorney General of the State of
New Mexico, Respondents-Appellees.
 No. 96-2127.
(D.C. No. CIV 94-1422 JC/LFG)
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1997.
 
 Before SEYMOUR, Chief Judge, PORFILIO, Circuit Judge, and MURPHY, Circuit Judge.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 This is an appeal from the denial of a petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have examined the record and determined appellant has failed to make a substantial showing of a denial of a constitutional right; therefore a certificate of appealability must be denied. Lennox v. Evans, 87 F.3d 431, 432 (10th Cir, 1996); 28 U.S.C. § 2253 (1996).
 
 
 3
 In the district court, Mr. Gillette filed two petitions that were joined for disposition. In the first, he asserted the denial of constitutional rights because he was not granted sufficient meritorious release credits by the state. In the second petition, he claimed a denial of due process during a prison disciplinary hearing. After denying relief on both petitions, the district court also denied a certificate of appealability.
 
 
 4
 On appeal, Mr. Gillette asserts the state is failing to comply with the terms of a "federal consent decree" which pertains to educational opportunities in state prisons. This issue was not raised in either of his original petitions or in his amended petition. He does not raise the claims asserted in the district court.
 
 
 5
 Because we agree substantially with the disposition of the district court, we conclude Mr. Gillette has not met his burden. Moreover, if the state has failed to comply with a consent decree of which he is a beneficiary, his remedy lies in the court that issued the decree.
 
 
 6
 The certificate of appealability is DENIED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3