F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**APR 18 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ANTONIO MIGUEL CHAVEZ,

Petitioner-Appellant,

v.

JOHN SHANKS,

Respondent-Appellee.

No. 95-2264
(D.C. No. CIV-93-365-M)
(D. New Mexico)

ORDER AND JUDGMENT[*]

Before BRORBY, LOGAN and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This matter is before the court on petitioner Antonio Miguel Chavez' application for a certificate of appealability (formerly a certificate of probable cause). His right to appeal the federal district court's denial of habeas corpus relief is conditioned upon this

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court granting a certificate of appealability. 28 U.S.C. § 2253. The law, as recently amended, instructs that we may issue a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right," and we "indicate which specific issue or issues satisfy [that] showing." Id. § 2253(c)(2) and (3). See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996) (holding that the amended version of 28 U.S.C. § 2253 applies to pending appeals), cert. denied, 117 S. Ct. 746 (1997).

Petitioner was convicted by a New Mexico state court jury of felony murder, armed robbery and conspiracy to commit armed robbery; he also pleaded guilty to two counts of armed robbery. He received a "total effectual term" of life plus twenty-seven years. I R. doc. 6, ex. A. Petitioner exhausted his state court remedies before filing this 28 U.S.C. § 2254 petition. The district court adopted the federal magistrate judge's proposed findings and recommendation, dismissed the petition on its merits, and denied a certificate of probable cause to appeal.

Petitioner asserts two grounds for relief from his state court convictions. He first claims that he is entitled to an evidentiary hearing on his allegations of ineffective assistance of trial counsel. He argues that his counsel should not have employed a self-defense strategy and instead should have presented petitioner's apparent intoxication to negate the required intent for felony murder. He next claims that New Mexico felony-murder law now requires proof of intent, citing State v. Ortega, 817 P.2d 1196 (N.M. 1991), and we should apply that decision retroactively.

- 2 -

The intent requirements for felony murder are a matter of state law and a federal court cannot grant relief unless there is a valid claim of a violation of the United States Constitution. The only constitutional claims petitioner makes are grounded on the alleged constitutional inadequacy of his counsel for not raising an intoxication defense. Even assuming that the New Mexico Supreme Court would apply the Ortega decision retroactively despite its denial of relief to petitioner in his state court habeas action, petitioner cannot prevail. That court's decision in State v. Campos, 921 P.2d 1266 (N.M. 1996), concluded that intoxication is not a defense to first-degree felony murder. Thus, there could be no prejudice to petitioner by his counsel's failure to attempt to utilize an intoxication defense unless the right to present such evidence is enshrined in the federal Constitution. The Supreme Court last year rejected the argument that it is a fundamental right enshrined in the Constitution under the Fourteenth Amendment. Montana v. Egelhoff, 116 S. Ct. 2013 (1996). See Strickland v. Washington, 466 U.S. 668, 687 (1984) (petitioner must show counsel's performance was both deficient and prejudicial).

Petitioner has failed to make the necessary showing to warrant a certificate of appealability; therefore, we deny his application and DISMISS the appeal.

The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge
