125 F.3d 862
 97 CJ C.A.R. 2374
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Peter James ROBINSON, Petitioner-Appellant,
v.
Ron WARD; The Attorney General of The State of Oklahoma,
Respondents-Appellee.
 No. 97-6232.
 United States Court of Appeals, Tenth Circuit.
 Oct. 10, 1997.
 
 Before SEYMOUR, Chief Judge, PORFILIO and MURPHY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and the appellate record, this three-judge panel has unanimously determined that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Peter Robinson, appearing pro se and in forma pauperis, appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. In his habeas corpus petition, Robinson challenges two Oklahoma state convictions resulting from pleas of guilty to escape from a state penitentiary and possession of a firearm. Robinson alleges that his sentences for those crimes were improperly enhanced by a void former conviction and that the sentences he received were thus greater than that allowed by law.
 
 
 4
 The district court referred Robinson's petition to a magistrate judge for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B). In a thorough and well-researched Report and Recommendation, the magistrate judge recommended that Robinson's petition be dismissed on the grounds of procedural bar. The magistrate judge noted that the state courts had denied Robinson's application for post-conviction relief on the grounds that Robinson should have raised his objections to the sentence enhancement on direct appeal. The magistrate judge moved on to analyze the state courts' application of procedural bar, finding that application to be both "independent" and "adequate." Finally, the magistrate judge conducted an extensive analysis of Robinson's claim of ineffective assistance of counsel and ultimately concluded that even if Robinson's claims were true, they did not amount to either cause or prejudice sufficient to overcome the procedural bar. After Robinson objected to the Report and Recommendation, the district court conducted a de novo review of the record and adopted the Report and Recommendation.[1]
 
 
 5
 The case is before this court on Robinson's application for a certificate of appealability. 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from [ ] the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court...."). To be entitled to a certificate of appealability, Robinson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Robinson can make such a showing by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. Barefoot v. Estelle, 463 U.S. 880, 892-893 & n. 4. (1983); Lennox v. Evans, 87 F.3d 431, 433-34 (10th Cir.1996), cert. denied, 117 S.Ct. 749 (1997).
 
 
 6
 This court has thoroughly reviewed Robinson's appellate brief and application for a certificate of appealability, the magistrate judge's excellent Report and Recommendation, the district court's Order, and the entire record on appeal. Based on that review, we conclude that Robinson has not made a substantial showing of the denial of an important federal right for the reasons set forth in the magistrate judge's Report and Recommendation. Accordingly, this court DENIES Robinson's application for a certificate of appealability and DISMISSES this appeal. 28 U.S.C. § 2253(c)(2).
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 In his appellate brief, Robinson contends that this court must reverse and remand because the district court failed to conduct a de novo review of the Report and Recommendation. This assertion is clearly without merit. In adopting the Report and Recommendation, the district court stated as follows: "Accordingly, having reviewed all matters of record de novo, the Court finds that the Report and Recommendation of the Magistrate Judge is correct in all particulars and is hereby affirmed."