F I L E D
United States Court of Appeals
Tenth Circuit

MAY 4 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NATHANIEL F. MURPHY, JR.,

      Petitioner-Appellant,

v.

JOHN SHANKS, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 97-2218
(D.C. No. CIV 95-694-SC/RLP)
(New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Nathaniel Murphy filed a request for habeas corpus relief under 28 U.S.C. § 2254, asserting that a plea agreement disposing of several state charges against him violated his constitutional rights with respect to the effective assistance of counsel and double jeopardy. The district court adopted the report of the magistrate judge recommending that relief be denied. The court also denied Mr. Murphy's request for a certificate of appealability, which we construe as a denial of a certificate of probable cause.[1] As we discuss briefly below, we likewise conclude that Mr. Murphy has failed to make the requisite showing for a certificate of probable cause. Accordingly, we deny his application and dismiss his appeal.

Mr. Murphy was charged in state court in Bernalillo County with multiple counts of burglary and forgery and two counts of receiving stolen goods. As a repeat offender, Mr. Murphy faced the possibility of more than 190 years of

---

[1] Mr. Murphy filed his habeas petition in 1995, before the Antiterrorist and Effective Death Penalty Act was signed into law on April 24, 1996. The new Act requires that a state habeas petitioner who wishes to appeal must obtain a certificate of appealability, which issues on a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c). We have held that the new Act does not apply to habeas petitions filed before the Act's effective date. Edens v. Hannigan, 87 F.3d 1109, 1112 n.1 (10th Cir. 1996). Prior to the Act, a state habeas petitioner who wished to appeal was required to obtain a certificate of probable cause, which in turn required the petitioner to make a substantial showing of the denial of a federal right. See Lennox v. Evans, 87 F.3d 431, 433 (10th Cir. 1996). We therefore construe Mr. Murphy's request for a certificate of appealability as a request for a certificate of probable cause.

incarceration if convicted of all the offenses. Upon advice of counsel, Mr. Murphy entered into a plea agreement under which he agreed to waive all constitutional defects and the State agreed to a sentence cap of eleven years incarceration. Mr. Murphy received a sentence of nineteen years, eight of which were suspended in accordance with the agreement.

Mr. Murphy subsequently filed a state petition for habeas corpus relief, asserting that the plea agreement violated his double jeopardy rights because at the time he entered into the agreement he had already pled guilty in Sandoval County to a count of receiving the same stolen property that was among the charges disposed of in the agreement. The state court agreed with Mr. Murphy and reduced his sentence from nineteen to seventeen-and-one-half years to reflect the deletion of the eighteen-month sentence for the duplicative charge, a fourth degree felony. The state court kept Mr. Murphy's term of incarceration at eleven years, however, based on his extensive prior criminal history, the very favorable plea bargain obtained by his counsel, and the fact that if Mr. Murphy had gone to trial as an habitual offender and been convicted, he could have received a sentence of over 190 years.

In his federal habeas petition, Mr. Murphy asserted that the state court finding of a double jeopardy violation vitiated the entire plea agreement as a matter of state law. The magistrate judge pointed out that only federal

constitutional claims are cognizable in an action under section 2254, and that because Mr. Murphy's sentence was reduced to eliminate the constitutionally impermissible multiple punishment resulting from the double jeopardy violation, Mr. Murphy had already received the only constitutional remedy to which he was entitled for that claim.

Mr. Murphy also asserted that he received ineffective assistance of counsel in the state court plea proceedings because his counsel had not discovered the prior plea in Sandoval County before Mr. Murphy entered into the agreement at issue here. The magistrate rejected this claim, holding that even if Mr. Murphy's counsel had been ineffective in failing to discover the earlier plea, Mr. Murphy had failed to show prejudice from the failure. We agree.

A defendant who seeks to challenge the validity of a guilty plea on the ground of ineffective assistance of counsel "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Mr. Murphy has failed to make such a showing. We find no reason to believe that Mr. Murphy would have insisted on going to trial to face a possible sentence of 188 years when he accepted a plea agreement to avoid facing a possible sentence of 190 years. We likewise do not believe the elimination of the duplicative count would have led counsel to change her recommendation that Mr. Murphy accept

the plea.  <u>See</u> <u>id.</u> at 59-60.  Indeed, Mr. Murphy has not requested that his plea be vacated so that he can proceed to trial, nor has he asserted that he would not have pled guilty and would have insisted on going to trial.[2]

We conclude that Mr. Murphy has failed to make a substantial showing of the denial of a constitutional right.  We therefore **DENY** his application for a certificate of probable cause and **DISMISS** his appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[2] Mr. Murphy seeks an opportunity to renegotiate his plea as an alternative to proceeding to trial.  Even if we were inclined to hold that the requisite prejudice could be established by showing a reasonable probability that the State would renegotiate and agree to a plea more favorable to Mr. Murphy, he cannot show such a reasonable probability given the state court's conclusion that a reduction in Mr. Murphy's already favorable term of incarceration was not warranted upon elimination of the duplicative charge.