**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GERALD L. COOPER,

Petitioner-Appellant,

v.

KENNETH KLINGER,

Respondent-Appellee.

No. 97-6197
(D.C. No. CIV-96-79-C)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRORBY, McKAY,** and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Gerald L. Cooper, appearing pro se, seeks a certificate of probable cause to appeal the district court's order dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2254. [1] Petitioner was convicted in Oklahoma in 1988 of one count of first degree rape, two counts of forcible oral sodomy, one count of forcible anal sodomy and one count of indecent or lewd acts with a child under sixteen years of age, all occurring after prior convictions of two or more felonies. Petitioner was sentenced to 300 years' imprisonment.

Petitioner challenges his conviction claiming his constitutional rights were violated because (1) hearsay testimony of the child victim was improperly admitted; (2) hearsay testimony of state witness Lea Jones was improperly admitted; (3) hearsay testimony of state witness Dr. Parker-Hughey was improperly admitted; (4) a videotaped interview of the child victim was

---

[1]     The district court denied petitioner a certificate of appealability in its order dated June 20, 1997, and petitioner requests this court to issue one. The certificate of appealability provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub L. No. 104-132, 110 Stat. 1214 (AEDPA) do not apply, however, because petitioner's habeas petition was filed prior to AEDPA's effective date of April 24, 1996. See Jackson v. Shanks, 143 F.3d 1313, 1316 n. 1 (10th Cir. 1998), petition for cert. filed, (U.S. Aug. 3, 1998) (No. 98-5679). Petitioner remains subject, however, to the pre-AEDPA requirement that he obtain a certificate of probable cause before bringing his appeal, requiring him to make a substantial showing of the denial of a federal right, see Barefoot v. Estelle, 463 U.S. 880, 893 (1983), the same showing a petitioner must make under AEDPA standards to obtain a certificate of appealability, see Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), cert. denied,117 S. Ct. 746 (1997). Therefore, we construe petitioner's request as a request for a certificate of probable cause.

improperly admitted; (5) the improperly admitted evidence had a cumulative effect; (6) the prosecutor withheld exculpatory evidence; (7) the expert testimony of Dr. Parker-Hughey was not reliable; (8) the state relied on erroneous scientific data; (9) the testimony of Dr. Parker-Hughey improperly bolstered the testimony of the child victim; (10) his counsel failed to obtain expert witnesses to challenge the state's experts; (11) the prosecutor misled the court and the jury as to Dr. Parker-Hughey's qualifications; (12) his trial counsel waived his right to rebut the child victim's testimony; (13) he received ineffective assistance of counsel at the guilt/innocence stage of trial because his counsel failed to object to or otherwise prevent the foregoing errors; (14) the prosecutor improperly expressed his opinion during the sentencing stage of the trial that the evidence was uncontroverted, and gave the jury improper "rules of thumb" to determine his sentence; (15) the prosecutor improperly expressed his opinion during the sentencing stage of the trial that it was uncontroverted that petitioner had four prior felony convictions; (16) the prosecutor identified himself as part of the jury during the sentencing stage; and (17) he received ineffective assistance of counsel at the sentencing stage of the trial because his counsel failed to object to the alleged prosecutorial misconduct.

The district court adopted the magistrate judge's proposed findings and recommended disposition. The magistrate judge held that petitioner had properly

exhausted his state remedies with respect to claim nine (that Dr. Parker-Hughey improperly bolstered the victim's credibility), and claims fourteen, fifteen, and sixteen (allegations of prosecutorial misconduct) by raising them on direct appeal. See Coleman v. Thompson, 501 U.S. 722, 731 (1991). As to these four claims, the magistrate judge found that none of the challenged testimony or comments rendered the trial so fundamentally unfair as to constitute a denial of due process. The magistrate judge held that petitioner had procedurally defaulted all of his remaining claims, except his claims of ineffective assistance of counsel. As to the procedurally barred claims, the magistrate judge found that petitioner had not shown cause for his default or prejudice resulting therefrom. See Coleman, 501 U.S. at 750. Finally, as to the ineffective assistance of counsel claims, the magistrate judge held that petitioner failed to show that his counsel's performance was so deficient that counsel was not performing to the level guaranteed by the Sixth Amendment, or that counsel's deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

"Our scope of review in federal habeas proceedings is limited; we may grant habeas relief to a state prisoner only if state court error 'deprived him of fundamental rights guaranteed by the Constitution of the United States.'" Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir. 1998), petition for cert. filed, (U.S. Aug. 3, 1998) (No. 98-5679) (quoting Brinlee v. Crisp, 608 F.2d 839, 843

(10th Cir. 1979). "Because this case was filed before the enactment of the AEDPA, we apply pre-amendment standards of review." Id. We review the legal bases for the district court's dismissal of the § 2254 petition de novo, but we afford deference to the state court's construction of state law, and we review the federal district court's factual findings for clear error, and presume the state court's factual findings are correct. See id.; 28 U.S.C. § 2254 (pre-amendment).

We have reviewed the transcripts of the state criminal trial, the pleadings and rulings in the state court direct appeal and post-conviction proceedings, the magistrate judge's report, the district court's order, the petitioner's brief and application for certificate of probable cause, and respondent's response thereto. For substantially the reasons stated in the well-reasoned report by the magistrate judge dated October 23, 1996, and the district court's February 6, 1997 order adopting this report, we conclude petitioner has failed to make a "substantial showing of the denial of [a] federal right" by demonstrating the issue is "debatable among jurists of reason," or that another court could resolve the issue differently, or that the question deserves further proceedings. Barefoot, 463 U.S. at 893 n.4 (quotations omitted). Consequently, we DENY petitioner's application

for a certificate of probable cause and DISMISS this appeal.  The mandate shall

issue forthwith.


Entered for the Court


Mary Beck Briscoe
Circuit Judge