**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BARBARA JEAN JOHNSON,

    Defendant-Appellant.

No. 98-8058
(D. Wyo.)
(D.Ct. No. 98-CV-111)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Appellant Barbara Jean Johnson filed a motion under 28 U.S.C. § 2255

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

requesting the district court vacate her sentence and resentence her applying the "safety valve" provision. The district court denied the motion in part, and following a hearing on a remaining issue of ineffective assistance of counsel, denied the motion in its entirety and her request for a certificate of appealability We deny Ms. Johnson's request for a certificate of appealability and dismiss the appeal.

Ms. Johnson is serving a mandatory minimum sixty-month sentence after pleading guilty to one count of possession with intent to distribute a controlled substance (cocaine base), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and one count of forfeiture of her property pursuant to 21 U.S.C. § 853. Ms. Johnson did not file a direct appeal. In her § 2255 motion, she asserts ineffective assistance of counsel claims based on her trial attorney's failure to: (1) demand application of the "safety valve" provision to her sentence under United States Sentencing Guideline § 5C1.2 and 18 U.S.C. § 3553(f), even though she met all five "safety valve" requirements; (2) object to the forfeiture of her property; and (3) file a direct appeal on these issues.

The "safety valve" provision under the Sentencing Guidelines, allows sentencing without regard to any statutory minimum sentence if the defendant

meets five specific criteria. U.S.S.G. § 5C1.2(5). The district court determined Ms. Johnson did not meet the requirement of "truthfully provid[ing] to the Government all information and evidence ... concerning the offense," because she refused "to proffer all information within her knowledge regarding her drug supplier and her daughter's involvement in the drug distribution scheme at issue." The district court further determined Ms. Johnson could not claim ineffective assistance of counsel for her attorney's failure to object to forfeiture of her property because she previously pled guilty to the criminal forfeiture count. As for her counsel's failure to file a direct appeal, the district court determined the limited record precluded resolution of this ineffective assistance claim without the benefit of an evidentiary hearing because the only evidence involved Ms. Johnson's admission that her attorney told her "the Government had her dead to rights and there was no need to file an appeal." Consequently, the district court denied Ms. Johnson's § 2255 motion in part, and ordered an evidentiary hearing.

After the evidentiary hearing, the district court found that while Ms. Johnson's counsel did not specifically recall informing Ms. Johnson of her appellate rights, his customary practice included advising defendants of their right to appeal, informing them of the likelihood of success of appeal, and inviting them to contact him in the event they wanted to file an appeal. During the

hearing, Ms. Johnson's counsel testified he felt confident Ms. Johnson understood her appeal options, and Ms. Johnson herself admitted she never asked her attorney to file an appeal. Based on this testimony, the district court found Ms. Johnson was fully cognizant of her appeal rights.

Finally, in response to a supplemental filing by Ms. Johnson in which she relied on *United States v. Bajakajian*, 524 U.S. 321, 118 S. Ct. 2028 (1998), the district court addressed her new argument that the forfeiture of her property, including the equity in her house and a car, was "grossly disproportional" to the crime. The district court found *Bajakajian* inapplicable because the facts in Ms. Johnson's case differed significantly from that case. The district court determined forfeiture of Ms. Johnson's property was not grossly disproportional to her crime because she agreed to the forfeiture as part of her plea agreement, and forfeiture of a $60,000 home, in which she had only $6,000 in equity, was not grossly disproportionate punishment for the "serious offense" of possession of cocaine with the intent to distribute. For these reasons, the district court denied the § 2255 motion in full.

On appeal, Ms. Johnson essentially raises the same three issues pertaining to ineffective assistance of counsel but makes a different argument on appeal to

-4-

support the "safety valve" issue. In an attempt to put a new twist on her remaining ineffective assistance of counsel claim, Ms. Johnson now insists she would have cooperated and provided truthful information concerning her daughter's involvement in the drug distribution scheme, had her attorney appropriately explained what the "safety valve" provision meant. This assertion is in stark contrast to her initial claim that her attorney rendered ineffective assistance of counsel by failing to raise the "safety valve" provision at sentencing even though she met the requirements for its application.

We review Ms. Johnson's claims of ineffective assistance of counsel *de novo* because they involve mixed questions of law and fact. *United States v. Prows*, 118 F.3d 686, 691 (10th Cir. 1997). To prevail, Ms. Johnson must show her "'counsel's representation fell below an objective standard of reasonableness,'" and that the deficient performance prejudiced her. *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). In order to establish prejudice, she must show there is reasonable probability that but for her counsel's unprofessional error, the result of the proceeding would have been different. *Id.*

Ms. Johnson fails to make such a showing. While she complains her attorney failed to object to the forfeiture of her property or demand application of the "safety valve" provision at sentencing, and then failed to file a direct appeal

on those issues, she has not shown with reasonable probability that but for her counsel's errors, the result of the proceeding would have been different. In other words, even if her counsel made the objections or appealed as she insists, it is unlikely the result would have been different. As the district court noted, Ms. Johnson had already pled guilty to the forfeiture count of her indictment, and as the district court indicated, did not qualify for the "safety valve" provision.

We also find no support for Ms. Johnson's new argument that she would have cooperated and provided truthful information on her daughter's involvement if her attorney had properly advised her what the "safety valve" provision meant. At the § 2255 hearing, Ms. Johnson testified she told her attorney she "didn't want to snitch on anybody." While her attorney testified he did not recall whether he explained to her what "safety valve" meant, he conveyed to her, and she understood, that if she cooperated in giving up her drug sources, she would get a lesser sentence, and that otherwise she faced a five-year mandatory minimum sentence. He further testified Ms. Johnson firmly refused to divulge her sources or "snitch" under any circumstances. Given these circumstances, Ms. Johnson has not shown her counsel failed to properly advise her or that his representation fell below an objective standard of reasonableness.

As for Ms. Johnson's final argument that her attorney rendered ineffective assistance because he did not file an appeal or adequately inform her of her appeal rights, we find upon a review of the record, including the § 2255 evidentiary hearing, that Ms. Johnson's attorney advised her of her appeal rights and the likelihood of success on appeal, but she did not ask him to file a direct appeal.

Finally, we agree with the district court that Ms. Johnson's forfeiture of her 1991 Chrysler New Yorker car and her $6,000 equity in her home is not grossly disproportional to the offense of possessing 12.1 grams of cocaine with the intent to distribute. *See, e.g., United States v. Harris*, 903 F.2d 770, 777 (10th Cir. 1990) (holding forfeiture of $413,493 resulting from illegal activity was not disproportional to crime of possessing three-quarters pound of marijuana). Our review of *Bajakajian* only reinforces our conclusion that the amount of forfeiture in this case does "bear some relationship to the gravity of the offense it is designed to punish." ___ U.S. at ___, 118 S. Ct. at 2036-37. In addition, the appropriateness of Ms. Johnson's forfeiture is bolstered by her guilty plea to the forfeiture count of her indictment[1] and her admitted use of her home and vehicle

---

[1] At the plea hearing, the district court explained the forfeiture count of the indictment to Ms. Johnson, including the fact that forfeiture of her property would include her car and home; Ms. Johnson then voluntarily pled guilty to that count.

during commission of the crime.

In order to obtain a certificate of appealability, Ms. Johnson must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Lennox v. Evans,* 87 F.3d 431, 433 (10th Cir. 1996), *cert. denied*, 117 S. Ct. 746 (1997). In doing so, Ms. Johnson must demonstrate the district court's disposition of her § 2255 motion is debatable, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings. *See Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983). A review of the record establishes Ms. Johnson failed to make the requisite showing for a certificate of appealability.

For these reasons, we deny Ms. Johnson's request for a certificate of appealability and **DISMISS** her appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge
