F I L E D
United States Court of Appeals
Tenth Circuit

JUN 15 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

TOMMY JAMES C. RAVEN,

      Petitioner-Appellant,

v.

ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondent-Appellee.

No. 98-6472
(W.D. Okla.)
(D.Ct. No. 96-CV-1781-T)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Tommy Raven, a state inmate appearing *pro se*, appeals the district court's decision denying his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We grant Mr. Raven's motion for leave to proceed on appeal *in forma pauperis*, deny his request for a certificate of appealability, and dismiss the appeal.

On December 28, 1989, Mr. Raven pled guilty to "Murder in the First Degree, After Former Conviction of Two or More Felonies" for the murder of Richard Robinson, who sustained a slit throat and multiple stab wounds. In his guilty plea, Mr. Raven stated "I stabbed Richard Robinson with a knife by cutting his throat. I intended to kill him at the time I cut his throat." The following day, he filed *pro se* a motion to withdraw his plea claiming his counsel coerced him into entering his guilty plea. The Oklahoma trial court allowed Mr. Raven's counsel to withdraw, appointed new counsel, and held a hearing on the motion to withdraw the guilty plea. The trial court then denied the motion to withdraw the guilty plea and entered the minimum sentence of life imprisonment with the possibility of parole.

After reviewing Mr. Raven's brief, the original record, and the hearing transcripts, the Court of Criminal Appeals affirmed the trial court conviction and

sentence, concluding no evidence supported Mr. Raven's claims that: (1) his attorney provided ineffective assistance of counsel; (2) his guilty plea was not free and voluntary; (3) the trial court abused its discretion in denying his motion to withdraw his guilty plea; (4) the trial court failed to establish a sufficient factual basis for his plea; and (5) if he "was required to disclose the nature of his defense at the hearing on the motion to withdraw his guilty plea, then [he] was deprived of effective assistance of counsel with his second attorney."

In his § 2254 petition, Mr. Raven again challenged his conviction and sentence, alleging ineffective assistance of counsel because his counsel coerced him into a guilty plea. Specifically, he claimed his counsel threatened him by stating she would not represent him if he entered a plea of not guilty and that his fiancee and her mother would be charged with conspiracy of first degree murder. He also alleged that at the time he entered the guilty plea, he did not know "what was going on."

The district court referred the petition to a magistrate judge who prepared a comprehensive Report and Recommendation recommending denial of Mr. Raven's petition. The magistrate judge, after a thorough discussion of the contents of the transcripts on the plea and motion to withdraw plea hearings, determined the

-3-

record did not support Mr. Raven's claim that his attorney coerced his guilty plea. The magistrate judge noted Mr. Raven offered no evidence to support his conclusory assertions or to refute the evidence set forth in the guilty plea and withdrawal of plea hearings transcripts, or his counsel's affidavit. The magistrate judge further concluded Mr. Raven voluntarily entered his guilty plea and "his plea agreement to life imprisonment, in the face of a possible sentence of death, was a 'strategic choice based upon his sober consideration of the alternatives.'" The magistrate judge found Mr. Raven failed to demonstrate inadequate and prejudicial performance by counsel as required under *Strickland v. Washington*, 466 U.S. 668 (1984), and therefore failed to show adjudication of his claim by the state appellate court "was contrary or an unreasonable application of clearly established federal law ... or ... was based on an unreasonable determination of the facts in light of the evidence." The district court adopted the magistrate judge's Report and Recommendation in full and denied the petition.

On appeal, Mr. Raven asserts his ineffective assistance of counsel claim on the same grounds as in his petition. He also claims the district court: (1) applied the wrong standard of review because the magistrate judge gave the state court's factual findings and legal determinations deference, and (2) applied the wrong analysis in reviewing his ineffective assistance of counsel claim. In addition,

while Mr. Raven does not deny he killed Mr. Robinson by slitting his throat and stabbing him multiple times, he suggests he killed him in self-defense after Mr. Robinson entered his grandfather's home, where Mr. Raven was staying, and began violently attacking Mr. Raven.

We review *de novo* the district court's conclusions of law in denying Mr. Raven's § 2254 petition and give a presumption of correctness to the state court's factual findings if they are fairly supported by the record. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1453 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996). We review mixed questions of law and fact *de novo*. *Id.*

Our review of the district court's decision shows that the magistrate judge gave the state court an appropriate amount of deference. In explaining the federal court's review of a state court adjudication, the magistrate judge correctly used our decision in *Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997), to explain that under the provisions of the Anti-Terrorism and Effective Death Penalty Act, "the deference to be paid by the federal court to the state court's factual findings and legal determinations' has been increased." The magistrate judge also used the correct analysis in considering Mr. Raven's ineffective assistance of counsel claim by applying the standards set forth in *Strickland*, 466

U.S. at 687, and *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985), which adopts the *Strickland* standard for claims of ineffective assistance of counsel, such as this case, which arise out of the plea process.

As to Mr. Raven's ineffective assistance of counsel claim, we note Mr. Raven failed to provide the transcripts of the plea hearing and motion to withdraw the plea hearing for our review. Mr. Raven is responsible for insuring all materials on which he seeks to rely are part of the record on appeal. *United States v. Vasquez*, 985 F.2d 491, 495 (10th Cir. 1993). "When [an] appellant asserts that his conviction should be reversed because of a particular error, and the record does not permit us to evaluate the claim, we will generally refuse to consider it." *Id.* Nevertheless, because the record contains other evidence supporting the district court's decision, we exercise our discretion to review the claim. In this case, the state trial court's summary of facts concerning Mr. Raven's guilty plea shows he affirmatively stated: (1) he understood he had the right to plead not guilty, and by pleading guilty he knowingly gave up his right to a jury trial; (2) he was guilty and did the acts charged; (3) his attorney served him well; and (4) he pled guilty of his own free will, without coercion, force, abuse, or threats. In addition, both the Oklahoma Court of Criminal Appeals and the district court reviewed the plea and motion to withdraw hearings transcripts, and

based on that review, determined Mr. Raven knowingly and voluntarily entered his guilty plea and his attorney provided effective assistance of counsel.  In fact, the district court provided a lengthy summary of the testimony in those transcripts that we have reviewed.  Our record also contains an affidavit of Mr. Raven's attorney stating she never threatened or intimidated Mr. Raven.

The only evidence Mr. Raven offers to rebut this evidence is the affidavit of his fiancee's mother, who alleges:  (1) she witnessed Mr. Raven and his attorney arguing over whether he should plead guilty; (2) Mr. Raven appeared "confused, upset, and looked as if he wanted to cry"; and (3) his attorney somehow inappropriately filled out papers for him to sign.[1]  However, her affidavit itself is somewhat confusing, and it is unclear whether she was able to hear and understand the entire conversation between Mr. Raven and his attorney.  She admits, however, his attorney "only stated that the deal is on the table" and that after Mr. Raven and the judge talked, he "entered his plea."  Thus, the record persuades us Mr. Raven's guilty plea was knowing and voluntary, and Mr. Raven

_____

[1]  As to Mr. Raven's assertion that his affidavit is somehow invalid because his attorney filled it out, his plea affidavit states that "[i]t was written by my attorney" and that the above statement of the crime "is not in my own handwriting."  The affidavit is signed by Mr. Raven.  Thus, the state trial court was aware Mr. Raven did not author the affidavit, and his plea is not invalid for that reason.

has provided insufficient evidence to show otherwise.

In addition to his guilty plea contentions, we review Mr. Raven's other contentions concerning his attorney's ineffective assistance. For the limited purpose of evaluating the performance of Mr. Raven's counsel, we review the weight of the evidence in the record concerning the crime for which he was convicted. The victim, Mr. Robinson, received multiple stab wounds and a slit throat, while Mr. Raven suffered apparently little or no injury even though he claims he killed in self-defense. The photos of the crime scene evidently show an extremely gruesome sight, which, as his attorney advised, would be highly prejudicial when viewed by a jury. Although Mr. Raven claims he attempted to take the victim to the hospital, he admits he fled after the victim died in his car, and then apparently attempted to mop up the blood on the driveway and porch prior to his arrest. While Mr. Raven contends he killed Mr. Robinson in self-defense and he can produce witnesses to prove it, the magistrate judge correctly determined he offers no evidence to support this conclusory assertion. In light of the weight of the evidence against Mr. Raven and the impending possibility of a death sentence, we agree with the magistrate judge that Mr. Raven's attorney's advice concerning entering a guilty plea was a "strategic choice based on [her] sober consideration of the alternatives." Thus, Mr. Raven has not shown his

attorney's conduct fell below an objective standard of reasonableness or that her performance, even if deficient, prejudiced him. *See Strickland*, 466 U.S. at 687.

In order to obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996), *cert. denied*, 519 U.S. 1081 (1997). After reviewing the record and Mr. Raven's arguments, we conclude he fails to make the required showing.

Accordingly, we grant Mr. Raven's request to proceed on appeal without payment of costs, deny his request for a certificate of appealability, and **DISMISS** the appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge